**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL INTEGRITY PROJECT
1000 Vermont Ave NW, Suite 1100
Washington, DC 20005, and

SIERRA CLUB
1202 San Antonio St.
Austin, TX 78701

Plaintiffs,

v.

GINA MCCARTHY, Administrator,
U.S. Environmental Protection Agency,
Ariel Rios Building, Mail Code 1101A
1200 Pennsylvania Ave, NW
Washington, DC 20460

Defendant.

Case No. 14-1196

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## I. STATEMENT OF THE CASE

1. This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 et. seq. and the declaratory judgment statute, 28 U.S.C. §§ 2201 and 2202.

2. Environmental Integrity Project and Sierra Club (collectively, "Plaintiffs") seek an order declaring that the Defendant, the Administrator of the United States Environmental Protection Agency ("Administrator"), is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny

three petitions filed by Plaintiffs requesting that the Administrator object to three Title V operating permits issued by the Texas Commission on Environmental Quality to Luminant Generating Company ("Luminant"). Plaintiffs also seek an order requiring the Administrator to perform her non-discretionary duty to grant or deny these petitions.

## II. JURISDICTION, VENUE AND NOTICE

3. This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act is a federal statute. The Defendant is an agent of the United States government. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

4. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, this suit is being brought against the Administrator in her official capacity as an officer or employee of the United States Environmental Protection Agency, residing in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

5. As required by 42 U.S.C. § 7604(b)(1)(A), Plaintiffs notified the Administrator of the EPA, the U.S. Attorney General, the EPA Administrator for Region 6, and the Deputy Director of the TCEQ's Office of Air of the violations alleged in this complaint and of Plaintiffs' intent to sue, via certified first-class mail on May 9, 2012. See Exhibit A (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O53 for Luminant's Martin Lake Plant); Exhibit B (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O64 for Luminant's Monticello Plant); and Exhibit C (Notice of Intent to Sue Administrator McCarthy for her Failure to Timely Grant or Deny a Petition to Object to Part 70 Operating Permit No. O65 for Luminant's Big Brown Plant). More than 60 days have passed since Defendant received these notice of intent to sue letters. Defendant has not acted to remedy the violations alleged in this complaint. Therefore, an actual controversy exists between the parties.

## III. PARTIES

6. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like Luminant's power plants. EIP's ability to enforce Clean Air Act requirements is improperly burdened when EPA fails to meet its mandatory deadlines to respond to Title V petitions.

7. Plaintiff SIERRA CLUB is one of the Nation's largest and oldest grassroots nonprofit membership organizations. Sierra Club's Texas chapter was formed more than forty years ago and has a long history of working to reduce power plant emissions that adversely affect air

quality in Texas. Sierra Club petitioned the Administrator to object to Luminant's Title V operating permits, because the permits fail to comply with applicable Clean Air Act requirements. The Administrator's failure to perform her non-discretionary duty to grant or deny Plaintiffs' petitions injures the organizational interests of Sierra Club and its members.

8. Plaintiffs have an interest in ensuring that Luminant's Title V operating permits comply with all federally applicable requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from the Big Brown Steam Electric Station, the Monticello Steam Electric Station, and the Martin Lake Steam Electric Station. These members and employees will be adversely affected if EPA fails to object to these permits.

9. Defendant GINA MCCARTHY is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely filed Title V petitions within 60 days.

10. For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' petitions has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries that the Court can redress through this case.

## IV.    LEGAL AUTHORITY

11. The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7401(b)(1). To advance this goal, Congress amended the Act in 1990 to establish the Title V

operating permit program.  See 42 U.S.C. §§ 7661-7661f.  Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter.  42 U.S.C. § 7661a(a).  Luminant's Martin Lake Steam Electric Station, Monticello Steam Electric Station, and Big Brown Steam Electric Station are each major sources subject to Title V permitting requirements.

12. The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d).  The Administrator approved Texas's administration of its Title V operating permit program.  61 Fed. Reg. 32693 (June 25, 1996); 66 Fed. Reg. 66318 (December 6, 2001).  Thus, the TCEQ is responsible for issuing Title V operating permits in Texas.

13. Before the TCEQ may issue or renew a Title V permit, it must forward the proposed permit to EPA for review.  42 U.S.C. § 7661d(a)(1)(B).  The Administrator then has 45 days to review the proposed permit.  The Administrator must object to the permit if she finds that the proposed permit does not comply with all applicable provisions of the Clean Air Act.  42 U.S.C. § 7661d(b)(1).  If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit.  42 U.S.C. § 7661d(b)(2).

14. If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days.  Id.; New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 2 (D.D.C. 2002).

15. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## V. FACTUAL BACKGROUND

Martin Lake Steam Electric Station

16. Luminant applied to the TCEQ to renew Title V operating permit No. O53 for the Martin Lake Steam Electric Station on May 3, 2009.  The Executive Director of the TCEQ issued a draft renewal operating permit ("Martin Lake Draft Permit"), notice of which was published on August 24, 2011.  The public comment period for the Martin Lake Draft Permit ended on September 23, 2011.

17. On September 23, 2011, Plaintiffs submitted written comments to the TCEQ during the public comment period.  The comments identified specific deficiencies contained in the Martin Lake Draft Permit.

18. EPA's 45-day review period for the proposed permit ended on December 27, 2013.  EPA did not object to the permit.

19. On February 24, 2014, Plaintiffs timely filed with EPA a petition to object to the Martin Lake Title V operating permit ("Martin Lake Petition").  42. U.S.C. § 7661d(b)(2).  The Martin Lake Petition was based on (1) objections to the Martin Lake Draft Permit that were raised with reasonable specificity during the public comment period and (2) objections to the permit that arose after the close of the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

20. Though the Administrator was required to grant or deny the Martin Lake Petition within 60 days, she has not yet done so. 42 U.S.C. § 7661d(b)(2).

21. On May 9, 2014, Plaintiffs sent Defendant notice of their intent to sue the Administrator for her failure to grant or deny the Martin Lake Petition within 60 days.

Monticello Steam Electric Station

22. Luminant applied to the TCEQ to renew its Title V operating permit No. O64 for the Monticello Steam Electric Station on November 23, 2009. The Executive Director of the TCEQ issued a draft renewal operating permit ("Monticello Draft Permit"), notice of which was published on August 10, 2011. The public comment period for the Monticello Draft Permit ended on September 9, 2011.

23. On September 8, 2011, Plaintiffs submitted written comments to the TCEQ during the public comment period. The comments identified specific deficiencies contained in the Monticello Draft Permit.

24. EPA's 45-day review period for the proposed permit ended on January 3, 2014. EPA did not object to the permit.

25. On March 3, 2014, Plaintiffs timely filed with EPA a petition to object to the Monticello Title V operating permit ("Monticello Petition"). 42. U.S.C. § 7661d(b)(2). The Monticello Petition was based on (1) objections to the Monticello Draft Permit that were raised with reasonable specificity during the public comment period and (2) objections to the permit that arose after the close of the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

26. Though the Administrator was required to grant or deny the Monticello Petition within 60 days, she has not yet done so.  42 U.S.C. § 7661d(b)(2).

27. On May 9, 2014, Plaintiffs sent Defendant notice of their intent to sue the Administrator for her failure to grant or deny the Monticello Petition within 60 days.

Big Brown Steam Electric Station

28. Luminant applied to the TCEQ to renew its Title V operating permit No. O65 for the Big Brown Generating Station on May 10, 2010.  The Executive Director of the TCEQ issued a draft renewal operating permit ("Big Brown Draft Permit"), notice of which was published on September 22, 2011.  The public comment period for the Big Brown Draft Permit ended on October 24, 2011.

29. On October 24, 2011, Plaintiffs submitted written comments to the TCEQ during the public comment period.  The comments identified specific deficiencies contained in the Big Brown Draft Permit.

30. EPA's 45-day review period for the proposed permit ended on January 1, 2014.  EPA did not object to the permit.

31. On March 3, 2014, Plaintiffs timely filed with EPA a petition to object the Big Brown Title V operating permit ("Big Brown Petition").  42. U.S.C. § 7661d(b)(2).  The Big Brown Petition was based on (1) objections to the Big Brown Draft Permit that were raised with reasonable specificity during the public comment period and (2) objections to the permit that arose after the close of the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

32. Though the Administrator was required to grant or deny the Big Brown Petition within 60 days, she has not yet done so. 42 U.S.C. § 7661d(b)(2).

33. On May 9, 2014, Plaintiffs sent Defendant notice of their intent to sue the Administrator for her failure to grant or deny the Big Brown Petition within 60 days.

## VI. CAUSES OF ACTION

FAILURE TO RESPOND TO PLAINTIFFS' MARTIN LAKE PETITION

[42 U.S.C. § 7661d(b)(2)]

34. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-33.

35. The Clean Air Act required Defendant to act on the Martin Lake Petition within 60 days of its filing. 42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added). This is a non-discretionary duty. New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 3 (D.D.C. 2002).

36. It has been more than 60 days since Defendant received the Martin Lake Petition. Defendant's failure to grant or deny the Martin Lake Petition constitutes a failure to perform an act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2).

FAILURE TO RESPOND TO PLAINTIFFS' MONTICELLO PETITION

[42 U.S.C. § 7661d(b)(2)]

37. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-33.

38. The Clean Air Act required Defendant to act on the Monticello Petition within 60 days of its filing. 42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added). This is a non-discretionary duty. New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 3 (D.D.C. 2002).

39. It has been more than 60 days since Defendant received the Monticello Petition. Defendant's failure to grant or deny the Monticello Petition constitutes a failure to perform an act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2).

FAILURE TO RESPOND TO PLAINTIFFS' BIG BROWN PETITION

[42 U.S.C. § 7661d(b)(2)]

40. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-33.

41. The Clean Air Act required Defendant to act on the Big Brown Petition within 60 days of its filing. 42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added). This is a non-discretionary duty. New York Public Interest Research Group v. Whitman, 214 F.Supp.2d 1, 3 (D.D.C. 2002).

42. It has been more than 60 days since Defendant received the Big Brown Petition. Defendant's failure to grant or deny the Monticello Petition constitutes a failure to perform an act or duty that is not discretionary. 42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request

that this Court:

A. Declare that Defendant's failure to grant or deny the Plaintiffs' Martin Lake Petition, Monticello Petition, and Big Brown Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B. Order the Defendant to grant or deny the Martin Lake Petition, Monticello Petition, and Big Brown Petition within sixty (60) days;

C. Retain jurisdiction over this action to ensure compliance with the Court's Order;

D. Award Plaintiffs their costs and fees related to this action; and

E. Grant such other relief as the Court deems just and proper.

DATED: July 15, 2014

                Respectfully Submitted,

                /s/ Jennifer Duggan
                Jennifer Duggan
                D.C. Bar No. 978352
                Environmental Integrity Project
                1000 Vermont Ave. N.W. #1100
                Washington, D.C. 20005
                Phone: (802) 225-6774
                jduggan@environmentalintegrity.org

                Gabriel Clark-Leach
                Texas Bar No. 24069516
                Environmental Integrity Project
                1002 West Ave., Ste. 305
                Austin, Texas 78701
                Phone: (512) 637-9478
                Fax:   (512) 584-8019
                gclark-leach@environmentalintegrity.org